PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IDEAL PRODUCTS LLC, | ) | |
| | ) | CASE NO. 1:12MC140 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.,* | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | [Resolving ECF No. 1] |

On November 13, 2012, the above-captioned Petition to Quash Internal Revenue Service ("IRS") Third-party Summons (ECF No. 1) was filed on behalf of Ideal Products L.L.C. ("Ideal Products")[1] by its President, William Emerick. Mr. Emerick seeks an order from the Court quashing a third-party summons issued by the Commissioner of Internal Revenue on October 15, 2012. For the reasons set forth below, the Petition is denied.

**I. Background**

IRS Agent Brock Zeeb allegedly issued a summons on October 15, 2012 to PNC Bank NA, C7-YB17-03-4, 4100 W. 150th Street, Cleveland, Ohio 44135.[2] On or about November 14, 2012, PNC Bank was scheduled to comply with the IRS summons by surrendering Ideal Products' records to the IRS. *See* ECF No. 1 at 2.

---

[1] Ideal Products is an Indiana limited liability company. *See* https://secure.in.gov/sos/online_corps/name_search.aspx

[2] Although Mr. Emerick indicates the summons is attached as an exhibit (*see* ECF No. 1 at 2), there are no documents attached to the Petition.

(1:12MC140)

Mr. Emerick seeks to quash the summons, arguing that (1) the IRS failed to provide Ideal Products timely notice of the summons in violation of 26 U.S.C. § 7609(a)(1); (2) the IRS failed to provide advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution was pending in violation of 26 U.S.C. § 7602(d)(2)(A); (4) the IRS abused the Court's process under 26 U.S.C. § 7609(h) by issuing multiple summonses in multiple jurisdictions to undermine Ideal Products' right to mount an adequate defense to quash the summons; (5) the IRS failed to meet the "good faith" standard set forth in *United States v. Powell*, 379 U.S. 48 (1964); (6) the summons will violate Ideal Products' right to privacy if the requirements set forth in the summons are executed; and, (7) the summons, as issued, will cause or has caused Ideal Products to turn over records in violation of its rights under the Fourth and Fourteenth Amendments of the Constitution. Mr. Emerick seeks an order from the Court enjoining the IRS from continuing the enforcement and/or issuance of the aforementioned collection summons.

## II. Internal Revenue Service Third Party Review

The IRS is authorized by statute to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. 26 U.S.C. § 7602(a). To that end, the IRS may serve a summons upon a third-party recordkeeper, such as a bank or other financial institution, in order to obtain financial records or information regarding a person who is the subject of an investigation by the IRS. *See* 26 U.S.C. § 7609(a).

(1:12MC140)

Without question, Ideal Products is the subject of the IRS investigation. Thus, when the IRS served a summons on PNC Bank as a third-party recordkeeper, Ideal Products had to be the taxpayer named in the body of the document. As such, it was entitled to notice that a summons had been served. *Id.*; *Clay v. United States*, 199 F.3d 876, 878 (6th Cir. 1999). In this context, the statute puts the taxpayer "in the shoes of the third party record keeper." *United States v. Beacon Federal Sav. & Loan*, 718 F.2d 49, 53 (2d Cir. 1983). Section 7609 does not, however, permit a litigant to invoke the rights of another. *United States v. Equitable Trust Co.*, 611 F.2d 492 (4th Cir. 1979), *cert. denied sub nom. DiVivo v. United States*, 445 U.S. 950 (1980). For the foregoing reasons, Mr. Emerick does not have standing to bring this action.

### III. Lack of Standing

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'. . . As an incident to the elaboration of this bedrock requirement, [the Supreme] Court has always required that a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge College v. Americans United*, 454 U.S. 464, 471 (1982). To establish standing under Article III, the following three requirements must be in place: (1) the plaintiff has suffered "an injury in fact," (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As the party bringing the claim, Mr. Emerick bears the burden to show his standing to bring it. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004).

(1:12MC140)

A taxpayer does not have standing to challenge an IRS summons directing a third-party to surrender records held by it in someone else's name. See *Stewart v. United States*, 511 F.3d 1251, 1253 (9th Cir. 2008) (concluding that only persons identified in a summons have standing to petition to quash the summons). Moreover, as President of Ideal Products, Mr. Emerick cannot appear *pro se* on behalf of the company. See *Licht v. America West Airlines (In re America West Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (explaining that business entities must appear in court through an attorney). Because the within Petition to Quash addresses the interests of Ideal Products, the Sixth Circuit would further bar the company from appearing in federal court except through an attorney. See *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). The Supreme Court has recognized that federal law requires that corporations, partnerships, or associations or any artificial entity appear in federal courts only through counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Limited liability companies have been determined to be a type of artificial entity such that the interests of that entity be represented in federal court only through counsel. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Taitt v. Secretary, Dept. of Treasury*, No. 09–12576, 2010 WL 1541495, at *3 (E.D. Mich. March 10, 2010).

Even if Mr. Emerick had standing to file this Petition, it would still be subject to dismissal because the Court lacks subject matter jurisdiction.

### IV. Lack of Jurisdiction

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and a federal court may

(1:12MC140)

not entertain an action over which it has no jurisdiction. See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

A person entitled to notice of a third-party summons "shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." 26 U.S.C. § 7609(b)(2)(A). Thus, according to the statute, a taxpayer entitled to notice must begin a proceeding to quash a summons to a third-party recordkeeper within twenty days from the date on which notice of the summons and the right to file a petition to quash is mailed by the IRS by certified or registered mail to him. *Clay*, 199 F.3d at 878.

The current regulation governing proceedings to quash explains in pertinent part:

(2) *Requirements for a proceeding to quash*. To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person—

(i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;

\* \* \*

(3) *Failure to give timely notice*. If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding. . . .

26 C.F.R. § 301.7609-4(b) (underline added).

It is "[t]he party seeking to invoke the jurisdiction of a federal court [who] must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d

(1:12MC140)

931, 933 (10th Cir. 1994). Therefore, it was Mr. Emerick's burden to establish the Court's jurisdiction over the within matter.

He states that the challenged summons was issued to PNC Bank on October 15, 2012. *See* ECF No. 1 at 2. Therefore, Mr. Emerick was required not only to file his Petition before the Court on or before November 5, 2012 , but also to serve a copy of the Petition upon the summoned person, *i.e.*, PNC Bank, and "the IRS employee and office designated in the notice of summons to receive the copy," *i.e.*, IRS Agent Zeeb, on or before that date. *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990) (for purposes of 26 U.S.C. § 7609(b)(2), notice is given on the date it is mailed); *see* 26 C.F.R. § 301.7609-4(b)(2).

Although Mr. Emerick avers he timely served the Petition upon IRS Agent Zeeb and PNC Bank on November 5, 2012, *see* ECF No. 1 at 6, his Petition was not filed with the Court until November 13, 2012—eight days beyond the required time limitation. Thus, he has failed to timely file a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court. Three courts of appeals, in addition to the Sixth Circuit, have held that a petition to quash a third-party recordkeeper summons filed more than twenty days after the date on which notice of the summons is mailed to the taxpayer, must be dismissed for lack of jurisdiction. *See Clay*, 199 F.3d at 879; *see also Faber*, 921 F.2d at 1119; *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). This jurisdictional defect cannot be cured. *See Franklin v. United States*, 581 F. Supp. 38 (E.D. Mich. 1984). Because Mr. Emerick failed to comply with the statutory notice requirements, the Court lacks subject matter jurisdiction to hear this action.

(1:12MC140)

## V. Conclusion

Based on the foregoing, the Petition to Quash IRS Third-party Summons (ECF No. 1) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

    IT IS SO ORDERED.

| | |
|---|---|
| December 5, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] 28 U.S.C. § 1915(a)(3) provides

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.